UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

*******************************
Clifford Sillars                    *
Jeanie Sillars,                     *
      Plaintiffs            *
                                    *
v.                                  *   Civil Action No:
                                    *
Paul W. Butler, M.D.                *
Seacoast General Surgery, P.C.      *
      Defendants            *
                                    *
*******************************

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES Clifford Sillars and Jeanie Sillars, the Plaintiffs in the above-captioned matter, by counsel Boynton, Waldron, Doleac, Woodman & Scott, P.A. respectfully submit this Complaint, stating in support thereof as follows:

## I. PARTIES

1. Clifford Sillars is a resident of Florida and alleges to have sustained injuries as the result of the negligence of the Defendants.

2. Jeanie Sillars is the wife of Clifford Sillars and is a resident of the State of Florida.

3. Paul W. Butler, M.D. is a medical doctor who practices surgery and has an office in Dover, New Hampshire.

4. Seacoast General Surgery, PC is a New Hampshire corporation which employs Paul W. Butler, M.D. ("defendant employer").

## II. JURISDICTION

5. The Plaintiffs are residents of the State of Florida, the Defendant maintains a medical practice in the State of New Hampshire and the complained of conduct occurred in the State of New Hampshire. The Plaintiffs submit that the amount in controversy exceeds $75,000 and that jurisdiction is proper in the Court pursuant to 28 USC §1332.

## III. FACTS COMMON TO ALL COUNTS

6. As a result of abdominal pain, the Plaintiff underwent a diagnostic procedure by a gastroenterologist who referred the Plaintiff to Paul W. Butler, MD, a surgeon, as it appeared that the Plaintiff had a mucocele in his appendix or cecum.

7. On October 10, 2008, the Defendant performed a right colectomy on the Plaintiff at Wentworth Douglass Hospital. The Plaintiff remained in the hospital until October 15, 2008.

8. The Plaintiff was experiencing pain and discomfort during his hospitalization and was unable to eat only a small amount of food prior to his discharge on October 15, 2008.

9. The pain, discomfort, poor appetite and weakness continued along with rectal bleeding as well as other symptoms, and he was advised by the Defendant to return to the Wentworth Douglass Hospital where he had blood drawn for laboratory analysis, was placed on IV and discharged on October 17th, 2008. The Defendant advised the Plaintiff that everything was fine.

10. The Plaintiff's symptoms including pain, weakness and loss of appetite continued and by October 26, 2008, the Plaintiff had lost 14lbs. from his weight of 200 lbs. on his admission to the hospital on October 10, 2008.

11. The Plaintiff returned to see Dr. Butler on October 28, 2008 with the continued symptoms and was advised that he needed to walk more and the post surgical problems were a result of his advanced age, he was nevertheless given a prescription for vicodin.

12. The Plaintiff then developed increased abdominal pain with other symptoms including vomiting and an inability to urinate.  The Plaintiff saw Dr. Butler on November 4, 2008 who sent him to Wentworth Douglass Hospital emergency room where an ultrasound of the abdomen was performed.

13. The ultrasound showed a mild to moderate amount of free fluid in the abdomen. The radiologist's report stated that if there were a clinical concern for damage to the ureter a CT scan of the abdomen and pelvis with contrast was recommended, however, same was not done.

14. No further testing was ordered by the Defendant and the Plaintiff was advised that he could travel on his planned trip to Florida.

15. The Plaintiff's condition worsened and he went to Manatee Hospital in Bradenton, Florida on November 12, 2008.  On November 14, 2008 fluid was drained from his abdomen and on November 15, 2008, he had his gallbladder removed and during that procedure fluid from his abdomen was also removed.

16. The Plaintiff's condition deteriorated and he was confined to the Manatee Hospital where in late January 2009 it was discovered that the Plaintiff's right ureter was severed during the surgery by the Defendant on October 10, 2008.

17. On March 31, 2009, the severed ureter was repaired.

18. During the time following the surgery of October 10, 2008, the Plaintiff sustained significant pain and suffering and incurred medical expenses.

## COUNT I

19. The allegations in Paragraphs 1 through 18 are incorporated as though set forth verbatim and at length.

20. That is a result of the Defendant's negligence in failing to properly identify and protect the Plaintiff's right ureter during the surgery of October 10, 2008 same was damaged causing urine to flow into the abdomen.

21. That the Defendant negligently failed to discover the damaged ureter during the surgical procedure.

22. As a result of the negligence of the Defendant, the Plaintiff experienced severe and unnecessary pain, suffering and mental anguish which required the Plaintiff to incur substantial medical expenses for his care and treatment.

## COUNT II

23. The allegations in Paragraphs 1 through 22 are incorporated as though set forth verbatim and at length.

24. Based upon the symptoms presented by the Plaintiff and the recommendation of the radiologist, the Defendant was negligent in failing to order the appropriate diagnostic tests to determine the cause of the Plaintiff's symptoms.

25. As a result of the negligence of the Defendant in failing to timely order the appropriate tests, the Plaintiff was caused to incur prolonged periods of pain, suffering and emotional upset as well as an increased amount of treatment, hospitalization and the cost and expense related to same.

## COUNT III

26.     The allegations in Paragraphs 1 through 25 are incorporated as though set forth verbatim and at length.

27.     At all times relevant to this matter, Jeanie Sillars was the wife of the Plaintiff, Clifford Sillars.

28.     As a result of the negligence of the Defendant, the Plaintiff, Jeanie Sillars, was deprived of the loss of services and companionship of the Plaintiff.

## COUNT IV

29.     The allegations in Paragraphs 1 through 28 are incorporated as though set forth verbatim and at length.

30.     At all times relevant to this matter the Defendant was an employee of Seacoast General Surgery, PC.

31.     That as the Defendant employer was the employer of the Defendant it is liable for the negligence of the Defendant under the doctrine of Respondeat Superior.

32.     That the Defendant employer is responsible to the Plaintiffs for the consequences of the negligence of the Defendant and all damages sustained by the Plaintiffs.

## IV.  DEMAND FOR JURY TRIAL

33.     The Plaintiffs demand that this matter be tried before a jury.

WHEREFORE, the Plaintiffs respectfully pray this Honorable Court:

1.      Grant a judgment for the Plaintiffs;

2.      Award all damages to which the Plaintiffs are entitled;

3.      Grant such other relief as may be just.

                                        Respectfully submitted,
                                        CLIFFORD and JEANIE SILLARS
                                        By their attorneys,

Dated: May 4, 2011                By:  /s/ William G. Scott
                                        William G. Scott  - NH Bar #2287
                                        Boynton Waldron Doleac Woodman & Scott, PA
                                        82 Court Street - P.O. Box 418
                                        Portsmouth, NH 03802-0418
                                        603-436-4010
                                        wscott@nhlawfirm.com